IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| APPLE INC., | ) |
|         Plaintiff, | ) ) ) |
| v. | ) )   C.A. No. 12-1004-GMS |
| HTC CORPORATION, HTC AMERICA, INC., ONE & COMPANY DESIGN, INC., and HTC AMERICA INNOVATION, INC., | ) ) ) ) |
|         Defendants. | ) ) |

**HTC'S ANSWER TO APPLE INC.'S COUNTERCLAIMS TO HTC DEFENDANTS' COUNTERCLAIMS**

HTC Corporation, HTC America, Inc., One & Company Design, Inc., and HTC America Innovation Inc. (collectively "HTC Defendants"), for their Answer to the Compulsory Counterclaims of Plaintiff, Counterclaim Defendant and Counterclaim Plaintiff Apple Inc. ("Counterclaims"), hereby respond as follows:

**ANSWER TO APPLE'S COUNTERCLAIMS**

**GENERAL DENIAL**

Unless expressly admitted below, HTC Defendants deny each and every allegation Apple has set forth in its Counterclaims.

**PARTIES**

1. HTC Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 and on that basis deny them.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

## JURISDICTION AND VENUE

6. Paragraph 6 contains legal conclusions to which no response is required. To the extent a response is required, HTC Defendants admit that Apple alleges an action under the patent laws of the United States, Title 35 of the United States Code, and that Apple asserts that the Court has subject matter jurisdiction over its Counterclaims pursuant to 28 U.S.C. §§1331, 1338(a), 2201 and 2002. HTC Defendants deny any remaining allegations of Paragraph 6.

7. Paragraph 7 contains legal conclusions to which no response is required. To the extent a response is required, HTC Defendants admit that some of the HTC Defendants develop and/or sell mobile communications devices that may have been sold and/or used within the state of Delaware but deny the remainder of the allegations in Paragraph 7.

8. Paragraph 8 contains legal conclusions to which no response is required.

## FIRST COUNTERCLAIM – DECLARATORY JUDGMENT

## U.S. PATENT NO. 7,571,221

9. Paragraph 9 contains legal conclusions to which no response is required.

10. HTC Defendants admit that, in their counterclaims against Apple, they assert that they own by assignment all rights, title, and interest in the '221 patent. HTC Defendants admit that the '221 patent is entitled "Installation of Network Services in an Embedded Network Server," that it indicates a filing date of April 3, 2002, and that it was duly and legally issued on August 4, 2009. HTC Defendants admit that the '221 patent lists the names of the inventors as Raghav Rao, Marc Nijdam, and Ravikumar Pisupati. HTC Defendants admit that the '221 patent identifies as assignee Hewlett-Packard Development Company, L.P.

### A. Declaration of Noninfringement

11. HTC Defendants repeat and incorporate by reference their responses set forth in Paragraphs 1-10 above.

12. Paragraph 12 contains legal conclusions to which no response is required. To the extent that a response is required, HTC Defendants admit that HTC Defendants have filed counterclaims against Apple alleging that Apple infringes the '221 patent as set forth in Paragraphs 372-379 of HTC Defendants' First Amended Answer, filed on July 17, 2012 (Dkt. No. 115). HTC Defendants deny the remainder of the allegations in this Paragraph.

13. Paragraph 13 contains legal conclusions to which no response is required. To the extent that a response is required, HTC Defendants deny the allegations in this Paragraph.

14. Paragraph 14 contains legal conclusions to which no response is required. To the extent that a response is required, HTC Defendants deny that Apple is entitled to attorneys' fees.

### B. Declaration of Invalidity

15. HTC Defendants repeat and incorporate by reference their responses set forth in Paragraphs 1-14 above.

16. Paragraph 16 contains legal conclusions to which no response is required. To the extent that a response is required, HTC Defendants admit that HTC Defendants have filed counterclaims against Apple alleging that Apple infringes the '221 patent as set forth in Paragraphs 372-379 of HTC Defendants' First Amended Answer, filed on July 17, 2012 (Dkt. No. 115). HTC Defendants deny that they wrongfully assert the '221 patent against Apple, and deny that they have caused or will cause Apple irreparable injury and damage.

17. Paragraph 17 contains legal conclusions to which no response is required. To the extent that a response is required, HTC Defendants deny the allegations in this Paragraph.

18. Paragraph 18 contains legal conclusions to which no response is required. To the extent that a response is required, HTC Defendants deny that Apple is entitled to attorneys' fees.

## SECOND COUNTERCLAIM – DECLARATORY JUDGMENT
## U.S. PATENT NO. 7,120,684

19. Paragraph 19 contains legal conclusions to which no response is required.

20. HTC Defendants admit that, in their counterclaims against Apple, they assert that they own by assignment all rights, title, and interest in the '684 patent. HTC Defendants admit that the '684 patent is entitled "Method and System for Central Management of a Computer Network," that it indicates a filing date of February 15, 2002, and that it was duly and legally issued on October 10, 2006. HTC Defendants admit that the '684 patent lists the names of the inventors as Rod D. Lawing and Joan E. McKinley. HTC Defendants admit that the '684 patent identifies as assignee Electronic Data Systems Corporation.

### A. Declaration of Noninfringement

21. HTC Defendants repeat and incorporate by reference their responses set forth in Paragraphs 1-20 above.

22. Paragraph 22 contains legal conclusions to which no response is required. To the extent that a response is required, HTC Defendants admit that HTC Defendants have filed counterclaims against Apple alleging that Apple infringes the '684 patent as set forth in Paragraphs 380-387 of HTC Defendants' First Amended Answer, filed on July 17, 2012 (Dkt.

No. 115). HTC Defendants deny that they wrongfully assert the '684 patent against Apple, and deny that they have caused or will cause Apple irreparable injury and damage.

23. Paragraph 23 contains legal conclusions to which no response is required. To the extent that a response is required, HTC Defendants deny the allegations in this Paragraph.

24. Paragraph 24 contains legal conclusions to which no response is required. To the extent that a response is required, HTC Defendants deny that Apple is entitled to attorneys' fees.

### B. Declaration of Invalidity

25. HTC Defendants repeat and incorporate by reference their responses set forth in Paragraphs 1-24 above.

26. Paragraph 26 contains legal conclusions to which no response is required. To the extent that a response is required, HTC Defendants admit that HTC Defendants have filed counterclaims against Apple alleging that Apple infringes the '684 patent as set forth in Paragraphs 380-387 of HTC Defendants' First Amended Answer, filed on July 17, 2012 (Dkt. No. 115). The HTC Defendants deny that they wrongfully assert the '684 patent against Apple, and deny that they have caused or will cause Apple irreparable injury and damage.

27. Paragraph 27 contains legal conclusions to which no response is required. To the extent that a response is required, HTC Defendants deny the allegations in this Paragraph.

28. Paragraph 28 contains legal conclusions to which no response is required. To the extent that a response is required, HTC Defendants deny that Apple is entitled to attorneys' fees.

### DEMAND FOR JURY TRIAL

29. HTC Defendants admit that Apple demands a jury trial for all issues so triable.

**REQUEST FOR RELIEF**

HTC Defendants deny each allegation of the Counterclaims not expressly admitted herein and deny that Apple is entitled to any of the relief requested in its Counterclaims or any of the relief requested in its original complaint.

*/s/ David M. Fry*
John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
David M. Fry (No. 5486)
SHAW KELLER LLP
300 Delaware Avenue, Suite 1120
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com
dfry@shawkeller.com
*Attorneys for Defendants*

OF COUNSEL:
Brian L. Ferrall
Leo L. Lam
Rebekah L. Punak
Simona A. Agnolucci
KEKER & VAN NEST LLP
633 Battery Street
San Francisco, CA 94111-1809
(415) 391-5400

Dated: September 13, 2012